Martin *v.* Walker.

WILLIAM MARTIN, Plaintiff in Error, *v.* ABSALOM WALKER, Defendant in Error.

ERROR TO BUREAU.

Sapp, a justice of the peace, removed from the county and transferred his docket and papers to Hern then the nearest justice to Sapp. Hern subsequently removed from the State and transferred his docket and papers, including those of Sapp, to Swan; Swan issued an execution on a judgment

rendered by Sapp: — *Held,* that the execution was properly issued; that Swan was vested with as much power over one docket as the other; that the presumption is that he was the nearest justice, and that the officer charged with the execution of process was protected, unless it appeared on the face of the process, that it was issued by a court having no jurisdiction of the case.

THIS cause was heard before LELAND, Judge, at the October term, 1853, of Bureau Circuit Court.

M. T. PETERS, for plaintiff in error.

CHUMASERO and TAYLOR, for defendant in error.

TREAT, C. J. Martin brought an action of replevin against Walker, to recover the possession of a horse and harness. The plea put in issue the right of the plaintiff to the property. The cause was submitted to the court on this state of facts: " It is admitted, that at the time of the taking of the property it was actually owned by the plaintiff, and after being levied on was replevied in this case out of the possession of the defendant; that the defendant at the time of the taking was an acting constable, and as such constable seized and took said property by virtue of a *pluries* execution, issued by James G. Swan, a justice of the peace of Bureau county, upon a judgment rendered by N. Sapp, then a justice of the peace of Bureau county, in favor of M. O. Farrell, and against the plaintiff; that after the rendition of the judgment Sapp resigned or removed from the county, thereby vacating his office, and transferred his docket and papers to William S. Hern, then the nearest justice of the peace to Sapp, who afterwards removed from the State of Illinois, and transferred his docket and papers, including the docket and papers of Sapp, to the said James G. Swan, who issued the execution upon the judgment; upon which execution the defendant levied upon and took the property aforesaid, which is the taking mentioned in the declaration; and all the knowledge defendant had of the transfer of the docket and papers of Sapp, is the statement in the execution." The execution bore date the 16th March, 1853, and it recited, that Farrell recovered a judgment against the plaintiff for $53.06, on the 6th March, 1845, before N. Sapp, a justice of the peace of Bureau county; and that Sapp had since removed from the county, and his docket and papers had been transferred to Swan, according to the statute in such case made and provided. The court found the issue for the defendant, and awarded a *retorno habendo;* and the plaintiff sued out a writ of error.

Sec. 112, ch. 59, R. S., provides: " When any justice of the

peace shall resign his office or remove from the county or district in which he was elected, it shall be his duty to deliver over his docket and papers relating to any business transacted before him, to the nearest justice of the peace of his county; and in case of the death of any justice of the peace, it shall be the duty of the person having possession of said docket and papers to deliver them over as aforesaid." § 110 provides: " When the docket and papers of any justice of the peace shall be transferred to any other justice of the peace, as provided in § 112, such justice receiving the same may proceed to the completion of all unfinished business, the issuing of executions upon judgments remaining unsatisfied upon such docket, and collect the same, and have the same power in respect to such docket and papers as if the same pertained to proceedings originally instituted before him." Under these provisions, the docket of Sapp was regularly transferred to Hern; and he then had as much power over the judgment as if it had been rendered by him. The question in the case is, whether the same power was acquired by Swan. It was the duty of Hern on removing from the State, to deliver the docket of Sapp as well as his own to the nearest justice of the peace in the county; and the latter would, in that event, be vested with as much authority over one docket as the other. Such, we doubt not, was the real design of the legislature. A different construction of the statute, would leave no means of enforcing the judgments entered by Sapp. The case does not show affirmatively, that Swan was the nearest justice of the peace to Hern. The presumption, however, is, that those officers performed their duty. The facts that Hern delivered the dockets to Swan, and that Swan issued executions on the judgments entered therein, in the absence of all proof to the contrary, clearly raises the presumption that the latter was the nearest justice of the peace. On this view of the case, the decision of the circuit judge might be sustained. But the execution was a justification to the constable on another ground. A ministerial officer is protected in the execution of process, unless it appears on the face of the process itself, that it was issued by a court having no jurisdiction of the case; or unless the officer has notice in some other way, that the process was issued without authority of law. Such is the established doctrine of this court. Barnes *v.* Barber, 1 Gilman, 401; Tefft *v.* Ashbaugh, 13 Illinois, 602. There was nothing, on the face of the writ in question, to indicate any want of authority on the part of Swan to issue it. On the other hand, it clearly appeared therefrom that he had jurisdiction. It stated that the judgment was recovered before Sapp, and that his docket was

transferred to Swan in accordance with the statute.    It was not
the duty of the constable to inquire into the truth of the state-
ment.

The judgment must be affirmed.

*Judgment affirmed.*